UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHONDELL KILLEBREW,

           Petitioner,

v.                                                  Case No. 25-cv-0104-bhl

HEATHER RIEHLE VOGEL and
JOHN OR JANE DOE,

           Respondents.

## ORDER

On January 21, 2025, Petitioner Shondell Killebrew, who is on active community supervision, filed a petition for writ of habeas corpus without an attorney. (ECF No. 1.) Though the petition was initially filed pursuant to 28 U.S.C. §2241, Killebrew has since conceded that his petition is properly characterized as a Section 2254 petition. (ECF Nos. 4 & 5.) On February 24, 2025, Magistrate Judge William E. Duffin screened the petition and issued a Report and Recommendation suggesting the case be dismissed. (ECF No. 6.) The case was reassigned to a District Judge to adopt, reject, or modify the Report and Recommendation. 28 U.S.C. §636(b)(1)(C). Killebrew did not file an objection to the Report and Recommendation but, on March 25, 2025, he filed a Notice of Appeal. (ECF No. 7.) Two weeks later, on April 7, 2025, he filed a motion for leave to appeal without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF No. 12.) The Court will now consider Judge Duffin's Report and Recommendation as well as Killebrew's IFP motion.

### REPORT AND RECOMMENDATION

The Court must first address its jurisdiction, given Killebrew's filing of a notice of appeal. The filing of a notice of appeal ordinarily strips a district court of jurisdiction. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). A district court is not divested of jurisdiction, however, if the court of appeals lacks jurisdiction over the filed appeal. *United States v. Edwards*, 811 Fed. App'x 358, 360 (7th Cir. 2020) (citing *JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.*, 707 F.3d 853, 860 n.7 (7th Cir. 2013)). In this case, Killebrew filed a premature notice of

appeal and the appellate court's jurisdiction is therefore lacking. As a general matter, the Court of Appeals only has jurisdiction over a district court's *final* decision. *See* 28 U.S.C. §1291; s*ee also P.H. Glatfelter Co. v. Windward Prospects Ltd.,* 847 F.3d 452, 455 (7th Cir. 2017). "A final decision is one that 'ends the litigation on the merits, leaving nothing for the [district] court to do but execute the judgment.'" *P.H. Glatfelter Co.,* 847 F.3d at 455 (alteration in original) (quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989)). A Magistrate Judge's Report and Recommendation is not a final judgment and is therefore not appealable. *See* 28 U.S.C. §636(b)(1)(C); *see also Hill v. Potter*, 352 F.3d 1142, 1144 (7th Cir. 2003) ("The test for finality is . . . whether the district court has finished with the case."). Because Killebrew filed an appeal from Judge Duffin's Report and Recommendation, which is not a final judgment, this Court has not lost jurisdiction to consider the Report and Recommendation and will proceed to do so.

Judge Duffin screened Killebrew's petition on February 24, 2024. (ECF No. 6.) Applying Rule 4, Judge Duffin recommended dismissal of Killebrew's petition on exhaustion grounds. (*Id.* at 1–4.) Judge Duffin noted that Killebrew acknowledged his failure to exhaust. (*Id.* at 3–4.)

Pursuant to General Local Rule 72(c), 28 U.S.C. §636(b)(1)(B) and (C), and Federal Rules of Civil Procedure 6(d) and 72(b)(2), Killebrew had until March 10, 2025 to file and serve written objections to Judge Duffin's Report and Recommendation. Killebrew has not filed any objections. Accordingly, the Court's review is limited, and the Report and Recommendation will only be rejected or modified if it is "clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A).

The record confirms Judge Duffin's conclusion that Killebrew has not exhausted his state court remedies. As Judge Duffin explained, the exhaustion doctrine requires state prisoners to present their claims *at every level* of state court before bringing their claims to federal court. (*See* ECF No. 6 at 3 (citing *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998)).) Killebrew admits that he failed to exhaust his state court remedies but asks the Court to excuse his failure based on his *pro se* status. (ECF No. 1 at 2–3; ECF No. 5 at 5.) Judge Duffin properly rejected this offer; the exhaustion requirement is not one that can be waived, and Killebrew must actually litigate his claims to resolution in the state courts before pursuing those claims in a federal habeas proceeding. (ECF No. 6 at 3–4 (citing *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 11 (1992); *Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir. 1986)).) Accordingly, the Court will adopt Judge Duffin's Report and Recommendation and

dismiss Killebrew's petition without prejudice. *See Lauderdale-El v. Ind. Parole Bd.*, 35 F.4th 572, 577–80 (7th Cir. 2022) (collecting cases dismissing without prejudice for failure to exhaust).

## IFP MOTION

Killebrew has prematurely filed a notice of appeal in the Seventh Circuit and has asked for a waiver of the appellate filing fee. (ECF Nos. 7 & 12.) In support of his IFP motion, Killebrew represents that he has monthly income of $1,800, consisting of $900 per month in retirement payments and $900 per month in disability income. (ECF No. 12 at 2.) He reports $1500 in monthly expenses, including $900 in rent per month and $610 in other miscellaneous expenses. (*Id.* at 4–5.) The Court need not resolve whether Killebrew meets the indigency requirement to appeal IFP, because his request fails for an independent reason. A petitioner cannot appeal IFP if the district court "certifies in writing that [the appeal] is not taken in good faith." 28 U.S.C. § 1915(a)(3). The record confirms that Killebrew's appeal is not taken "in good faith."

An appeal is taken "in good faith" if it seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Anders v. California*, 386 U.S. 738, 744 (1967); *see also Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998) (holding that the appellant "must demonstrate that the issues are debatable among jurists of reason." (citations omitted)). An appeal is taken "in bad faith" if it is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Killebrew's appeal is not taken in good faith because he seeks appellate review after he failed to object to Judge Duffin's Report and Recommendation. A failure to object to a Report and Recommendation results in the waiver of the right to appeal. *United States v. Sachsenmaier*, 491 F.3d 680, 683 (7th Cir. 2007). Accordingly, Killebrew cannot appeal.

Pursuant to 28 U.S.C. §1915(a)(3), the Court certifies that Killebrew has filed his pending appeal in bad faith. Because Killebrew's appeal is taken in bad faith, he cannot prosecute the appeal IFP and must pay the appellate filing fees within fourteen days. *Newlin v. Helman*, 123 F.3d 429, 433–34 (7th Cir. 1997), *overruled on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000); *see also Lee*, 209 F.3d at 1027. If Killebrew wishes to contest the Court's determination that his appeal is not taken in good faith, he must file a motion with the United States Court of Appeals for the Seventh Circuit seeking review of this Court's certification within thirty days after service of this order. *See* Fed. R. App. P. 24(a)(5). With that motion, Killebrew must include: (1) an affidavit as described in the first paragraph of Fed. R. App. P. 24(a); (2) a statement

of the issues he intends to argue on appeal; and (3) a copy of this order. If Killebrew does not file a motion requesting review of this order, the Court of Appeals may require him to pay the entire $505 filing fee before it considers his appeal. If he does not pay the fee within the deadline set, the Court of Appeals may dismiss the appeal.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge William E. Duffin's Report and Recommendation, ECF No. 6, is **ADOPTED**.

**IT IS FURTHER ORDERED** that Shondell Killebrew's petition pursuant to 28 U.S.C. §2254, ECF No. 1, is **DISMISSED without prejudice**. The Clerk is instructed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. The Court does not find that reasonable jurists could debate that the petitioner has made a substantial showing that the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to appeal without prepayment of the filing fee, ECF No. 12, is **DENIED** because the Court certifies that Petitioner's appeal has been taken in bad faith.

**IT IS FURTHER ORDERED** that Petitioner must pay to the clerk of this Court the $605.00 appellate filing fee within fourteen days of this order. Petitioner's failure to comply with this order will result in dismissal of his appeal. Petitioner must clearly identify his payment with the case name and number assigned to this action (25-cv-0104) and to his appeal (25-1508).

Dated at Milwaukee, Wisconsin on May 12, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge